UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL GOMES, *Plaintiff*, | : : |
| vs. | :    C.A. No.: 20-cv- |
| STEERE HOUSE, *Defendant*. | : : |

## COMPLAINT

### Introductory Statement

1. This is an action for damages and other relief brought by the plaintiff, Carol Gomes, a Licensed Practical Nurse, against the defendant, Steere House, her former employer, based upon Steere House's violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, ("FMLA") by terminating the plaintiff and by retaliating against the plaintiff based upon her exercise of her rights under the FMLA.

### Jurisdiction

2. This Court has subject matter jurisdiction over the plaintiff's FMLA claims under 28 U.S.C. § 1331 as claims for enforcement of individual FMLA rights may be brought under 29 U.S.C. § 2617.

### Parties

3. The plaintiff, Carol Gomes, a resident of Seekonk, Massachusetts, is licensed as a Licensed Practical Nurse in the State of Rhode Island, and, at all times pertinent to this lawsuit, was an employee of Steere House.

1

-1-

4. The defendant, Steere House, is a Rhode Island Domestic Nonprofit Corporation that is doing business in Providence Rhode Island, providing health care services to elderly patients.

## Factual Allegations

5. The plaintiff was employed with the defendant, Steere House, as a Licensed Practical Nurse (LPN) from August 13, 2018 through May 22, 2020, and, as a result, is entitled to the protections of the FMLA, 29 U.S.C. § 2601, *et seq.*.

6. During the months of April and May of 2020, the plaintiff was exposed to the COVID-19 virus while employed by the defendant as Licensed Practical Nurse.

7. As a result of being exposed to the COVID-19 virus while working for the defendant, Steere House as a Licensed Practical Nurse, the plaintiff became ill with the COVID-19 virus and was unable to work for the defendant for a period of time.

8. The plaintiff's employment with the defendant, Steere House was terminated on May 22, 2020 because the defendant determined that the plaintiff was ineligible for leave under the Family Medical Leave Act (FMLA).

9. In 2020, the Family Medical Leave Act was amended to allow for persons like the plaintiff to be protected under the FMLA as a result of exposure to the COVID-19 virus.

10. The defendant, Steere House's decision to terminate the plaintiff, Carol Gomes' employment, based upon her becoming ill with the COVID-19 virus, while working for Steere House, violates the provisions of the FMLA, as amended, 29 U.S.C. § 2601, *et seq.*.

2

11. The plaintiff, Carol Gomes, attempted to invoke her rights under the FMLA, 29 U.S.C. § 2601, *et seq.*, by requesting FMLA leave due to having contracted the COVID-19 virus as a result of her employment.

12. The defendant, Steere House's decision to terminate the plaintiff, Carol Gomes' employment, was made in retaliation for Carol Gomes' invoking her rights under the FMLA, 29 U.S.C. § 2601, *et seq.*.

13. As a result of the defendant, Steere House's decision terminating her employment, in violation of the FMLA, as amended, 29 U.S.C. § 2601, *et seq.*, the plaintiff, Carol Gomes, has sustained monetary damages, economic loss, lost wages, and other compensable damages

14. As a result of the defendant, Steere House's decision terminating her employment, in violation of the FMLA, as amended, 29 U.S.C. § 2601, *et seq.*, the plaintiff, Carol Gomes, has sustained damage to her professional reputation, as a Licensed Practical Nurse, and within the community.

15. In the future, the plaintiff is expected to sustain additional damages as a result of the defendant, Steere House's decision terminating her employment, in violation of the FMLA, as amended, 29 U.S.C. § 2601, *et seq.*.

WHEREFORE, the plaintiff, Carol Gomes, demands judgment against the defendant, Steere House, as follows:

1. That, after trial, the Court enter judgment for the plaintiff in amount of compensatory damages for the plaintiff's economic damages; and

2.     That, after trial, the Court enter judgment for the plaintiff in amount of compensatory damages for the plaintiff's damages to her professional reputation and reputation in the community;

3.     That the plaintiff be awarded such other and further relief as may be deemed appropriate, including, but not limited to, attorney's fees under the FMLA, and costs.

                                 The plaintiff, Carol Gomes,
                                 By her attorney,

/s/Edward C. Roy, Jr., Esquire
EDWARD C. ROY, JR., ESQUIRE
577 Tiogue Avenue, 2nd Floor
Coventry, RI 02816
(401) 823-0486
(401) 823-0488
Edward_Roy@hotmail.com

## DEMAND FOR JURY TRIAL

The plaintiff hereby demands a trial by jury as to all claims triable by jury.

/s/Edward C. Roy, Jr., Esquire

June 19, 2020

4

4