UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CAROL GOMES,
    Plaintiff,

v.                                  C.A. No. 20-270-JJM-PAS

STEERE HOUSE,
    Defendant.

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

The Plaintiff, Carol Gomes, sues her former employer, Steere House, alleging violations of the Family Medical Leave Act ("FMLA") for firing her after she fell ill with COVID-19 and requested paid leave under the FMLA. Steere House now moves to dismiss because Ms. Gomes was not entitled to leave under the FMLA or the Emergency Family and Medical Leave Expansion Act, a congressional amendment to the FMLA requiring employers to provide paid leave for employees who need to care for children who become sick with COVID-19.

I.    BACKGROUND

Defendant Steere House (a nursing and rehabilitation center) employed Ms. Gomes as a Licensed Practical Nurse ("LPN") from August 13, 2018 through May 22, 2020. ECF No. 1 at ¶ 5. Sometime "[d]uring the months of April and May of 2020," Ms. Gomes was exposed to the COVID-19 virus on the job and eventually contracted the virus. ECF No. 1 at ¶ 6-7. As a result, she was unable to go to work "for a period

of time." ECF No. 1 at ¶ 7. At some point after contracting the virus, Ms. Gomes sought paid leave from Steere House under the FMLA. ECF No. 1 at ¶ 11. On May 22, 2020, Steere House terminated Ms. Gomes from her employment. ECF No. 1 at ¶ 8.

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts as true the plausible factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *See Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008) (citation omitted); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (citations omitted). However, to survive the motion, the factual allegations in the complaint must "raise a right to relief beyond the speculative level." *Bell Atl. v. Twombly*, 550 U.S. 544, 545 (2007). The plaintiff must show that there is "more than a sheer possibility" that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   DISCUSSION

Ms. Gomes brings a claim of retaliation against Steere House, alleging that she was terminated for invoking her rights under the FMLA.[1] Accordingly, this Court

---

[1] Steere House's Motion to Dismiss identifies two separate claims in the complaint: retaliation and wrongful termination. ECF No. 9 at ¶ 1. While the complaint clearly contains a retaliation claim, *see* ECF No. at ¶ 11, the complaint does not explicitly contain a claim of wrongful termination and Gomes' responsive briefs only mention the retaliation claim. So, this Court will proceed only with the single claim of retaliation.

2

will proceed by analyzing the prima facie elements of this claim and determine whether each is supported by the facts alleged in the complaint.

Under Department of Labor ("DOL") regulations implementing the FMLA, discharged employees may bring claims of retaliation against their former employers because they were terminated for invoking their rights under the Act. *See Germanowski v. Harris*, 854 F.3d 68, 72-73 (1st Cir. 2017). To make out an FMLA retaliation claim, a plaintiff must show that "(1) he availed himself of a protected right under the FMLA; (2) he was adversely affected by an employment decision; [and] (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action." *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 161 (1st Cir. 1998).

"Though . . . a plaintiff need not plead facts sufficient to establish a prima facie case at the pleading stage, the elements of a prima facie case are useful 'as a prism to shed light upon the plausibility of a [plaintiff's] claim.'" *Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 719 (1st Cir. 2014). In evaluating an FMLA retaliation claim on a motion to dismiss, a court need only determine "whether [the plaintiff] has pleaded enough facts *in toto* to make entitlement to relief plausible in light of the *prima facie* standard that will pertain at trial." *Id.*

1. Whether Ms. Gomes Availed Herself of a Protected Right Under the FMLA

Ms. Gomes argues that she was entitled to FMLA benefits under the rules set forth in the Families First Coronavirus Response Act ("FFCRA"), ECF No. 1 at ¶¶ 9-

3

10, which was enacted to give workers affected by COVID-19 the opportunity to obtain paid leave. *See* Pub. L. No. 116-127, 134 Stat. 178 (2020).

The FFCRA contains two acts providing for such relief: the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA"). *Id.* Importantly, only the EFMLEA amends the FMLA, the Act that Ms. Gomes invoked when requesting leave from Steere House. *Thornberry v. Powell Cty. Detention Ctr.*, 2020 WL 5647483, at *2 (E.D. Ky. Sept. 22, 2020). The EPSLA, on the other hand, does not amend any existing statute, and its enforcement provisions are tied to the Fair Labor Standards Act, not the FMLA. *Id.* (citing 134 Stat. at 197).

Ms. Gomes never argues that she had a right to leave under the EFMLEA, which applies only to employees who are unable to work because they need to take care of a child "whose School or Place of Care has been closed, or whose Child Care Provider is unavailable, for reasons related to COVID–19." 29 C.F.R. § 826.20(b). Rather, she argues that she was entitled to FMLA leave under the rules set forth in the EPSLA, which provides paid leave for workers who themselves contract the COVID-19 virus. *See* 134 Stat. at 195-96. Because, as stated, the EPSLA has no connection to the FMLA and because Ms. Gomes does not state any facts suggesting that she was qualified for FMLA leave under the EFMLEA, it is apparent that she did not qualify for FMLA benefits.

Determining whether Ms. Gomes has stated sufficient facts to satisfy the first element, then, turns on whether one must be eligible for FMLA leave to successfully

4

bring a claim of retaliation. The First Circuit dealt with this issue in dicta in *McArdle v. Town of Dracut/Dracut Public Sch.*, 732 F.3d 29 (1st Cir. 2013):

> We are not convinced that an employee who is ineligible for FMLA leave can never bring a retaliation claim. There are many reasons why an employee will not know until inquiring whether he is eligible for any particular right available under the Act. The statute prohibits employer interference with both the exercise of rights provided under the FMLA and 'the attempt to exercise any [such] right.' 29 U.S.C. § 2615(a)(1). There is no requirement that the attempt be successful. It would seem too, that firing an employee for asking would also frustrate the aims of the Act even if the inquiring employee turns out to be ineligible. Such an 'ask at your peril' approach could deter employees, including eligible employees uncertain of the extent of their rights, from taking the first step necessary to exercise their rights.

732 F.3d at 36. The complaint alleges that "[t]he defendant, Steere House's decision to terminate the plaintiff, Carol Gomes' employment, was made in retaliation for Carol Gomes invoking her rights under the FMLA . . . ." ECF No. 1 at ¶ 12. This Court understands the complaint as stating that Ms. Gomes was terminated as a result of her request for FMLA leave.[2] Thus, Ms. Gomes has done enough at this stage of the litigation to show that she "availed" herself of FMLA rights by requesting paid leave under the Act.

2. Whether Ms. Gomes was Adversely Affected by Steere House's Decision to Terminate Her

The First Circuit has held that employees are "adversely affected" when they are terminated from their employment. *Carrero-Ojeda v. Autoridad de Energia*

---

[2] Ms. Gomes' Supplemental Memorandum provides even more clarification: "The plaintiff alleges that, when she made an inquiry about her right to leave, she was terminated." ECF No. 15 at 3 (citing ECF No. 1 at ¶¶ 11-13).

5

*Electrica*, 755 F.3d 711, 719 (1st Cir. 2014). Thus, the fact that Ms. Gomes was terminated means that she has satisfied this element of her prima facie case.

### 3. Whether There Was a Causal Connection Between Ms. Gomes' Request for Leave and Steere House's Decision to Terminate Her

Ms. Gomes "relies upon the temporal connection between her request for FMLA leave and her summary termination after she contracted COVID-19 during the course of her employment at Steere House." ECF No. 15 at 4. Plaintiff's complaint implies that there was a close temporal proximity between her request and her termination, stating that Ms. Gomes was "exposed to the . . . virus" during "the months of April and May of 2020" and was terminated after asking for paid leave on May 22, 2020. ECF No. 1 at ¶¶ 6, 8.

The First Circuit has stated that, in reviewing the pleadings of a retaliation claim, temporal proximity can prove causation when supported by more context in the complaint:

> Certainly there are circumstances in which a "'[v]ery close' temporal proximity between protected activity and an adverse employment action can satisfy a plaintiff's burden of showing causal connection." *Sánchez-Rodríguez v. AT & T Mobility P.R., Inc.*, 673 F.3d 1, 15 (1st Cir. 2012) (quoting *Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 25 (1st Cir. 2004)). Imagine an employee with an unblemished record and steady performance who, shortly after requesting FMLA leave, is terminated by her employer without explanation. In such circumstances, temporal proximity would most likely suffice to allege a plausible claim.

*Germanowski*, 854 F.3d at 74.[3]

---

[3] While some courts have said that something more than temporal proximity is required, it is clear from recent First Circuit jurisprudence that when the time between protected activity and adverse action is "very close" that the something else can be inferred.

6

Ms. Gomes' complaint alleges a close temporal proximity to support the proposition that her request for FMLA benefits precipitated her termination. She was exposed to COVID-19 in April and May, contracted COVID-19, requested FMLA, and was fired in May. She is not unlike the employee in *Germanowski*, "with an unblemished record and steady performance who, shortly after requesting FMLA leave, is terminated by her employer without explanation." *Id.* Accordingly, the complaint sufficiently supports the causality element of her FMLA retaliation claim.[4]

## IV. CONCLUSION

Carol Gomes alleges that her former employer, Steere House, terminated her in retaliation for requesting leave under the FMLA. Because Gomes has pleaded

---

[4] There is an unresolved question in the First Circuit as to whether a "but for" or "mixed factor" causality standard should be used for the causality element of FMLA retaliation cases. The current DOL regulations call for the latter. 29 C.F.R. § 825.220 ("[E]mployers cannot use the taking of FMLA leave as *a negative factor* in employment actions, such as hiring, promotions or disciplinary actions."). Some district courts have decided that a 2013 United States Supreme Court case, *Univ. of TX. SW Med. Ctr. v. Nassar*, 570 U.S. 338 (2013), which applied a "but for" standard to Title VII retaliation claims, requires them to do the same for FMLA retaliation claims. *See, e.g., Gourdeau v. City of Newton*, 238 F. Supp. 3d 179 (D. Mass 2017). Others have come out the other way and applied the DOL regulations. *See Chase v. United States Postal Service*, 149 F. Supp. 3d 195 (D. Mass. 2016). The First Circuit declined to take up the issue in 2016 when *Chase* was appealed. *Chase v. United States Postal Service*, 843 F.3d 553, 559 n.2 ("Given that Chase is unable to prevail under even the more lenient 'negative factor' test, we save for another day the question of *Nassar*'s impact on FMLA jurisprudence with respect to the required causation standard, and take no position on the district court's decision to grant the DOL regulations continued *Chevron* deference."). It has not directly taken up the issue since. Because a higher court has not invalidated the regulations and set a different standard, this Court declines to take up the issue and uses the "negative factor" standard in the existing DOL regulations.

facts sufficient to support a prima facie case at this stage of the litigation, this Court DENIES Steere House's Motion to Dismiss. ECF No. 9.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief Judge
United States District Court

November 2, 2020

8